

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

NJM:VAZ
F. #2021R00339

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 21, 2022

By ECF and E-mail

The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  United States v. Thomas Weston
     Criminal Docket No. 21-293 (ERK)

Dear Judge Korman:

The government respectfully submits this letter in advance of the defendant Thomas Weston's sentencing, scheduled for December 7, 2022, at 2:30 p.m.  For the reasons set forth below and in the government's initial sentencing letter (see ECF No. 20), this Court should impose a sentence within the United States Sentencing Guidelines ("Guidelines") range of 46 to 57 months' imprisonment.

As explained in the Presentence Investigation Report ("PSR"), the defendant's Guidelines calculation is based on U.S.S.G. § 2K2.1(a)(4)(A), which sets a base offense level of 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence."  Under the commentary for U.S.S.G. § 2K2.1, the term "crime of violence" "has the meaning given that term in § 4B1.2 and Application Note 1 of the Commentary of § 4B1.2."  U.S.S.G. § 2K2.1 cmt. n.1.  Under the elements clause of U.S.S.G. § 4B1.2, a crime of violence is a state felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  Application Note 1 provides that the term "crime of violence" "include[s] the offense[] of . . . attempting to commit such offense[]."  Id. § 4B1.2 cmt. n.1.

The defendant was convicted of attempted second-degree robbery, in violation of New York Penal Law §§ 160.10(1) and 110.00, after he and three others punched, kicked and

stomped on an unsuspecting victim while forcibly removing property from the victim's person.[1] (PSR ¶ 28.)

Second-degree robbery constitutes a "crime of violence" under the elements clause of U.S.S.G. § 4B1.2(a).  See United States v. Dupree, 767 F. App'x 181, 184-85 (2d Cir. 2019); United States v. Pereira-Gomez, 903 F.3d 155, 164-66 (2d Cir. 2018).  And as explained below, the attempt count also constitutes a crime of violence under the elements clause, Application Note 1 of U.S.S.G. § 4B1.2 and Application Note 1 of U.S.S.G. § 2K2.1.

The Court previously scheduled the sentencing for March 16, 2022.  But the Court adjourned the proceedings to December 7, 2022 and requested that the parties file additional sentencing letters by today.  As explained in the prior letter, the defendant possessed and shot a loaded gun into the street multiple times on a residential street in Brooklyn.  He then lied about the circumstances of the crime to law enforcement.  By his actions, which could have killed or seriously injured a bystander, the defendant demonstrated that he poses a grave danger to the community.  The crime took place in a school zone, warrant serious sanction.  The defendant also has an extensive criminal history, including multiple prior firearms convictions.

In his sentencing letter filed today, the defendant argued that, after United States v. Taylor, 142 S. Ct. 2015 (2022), attempted second-degree robbery no longer constitutes a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A).  In Taylor, the Supreme Court interpreting the elements clause of the definition for "crime of violence" in Title 18, United States Code, Section 924(c), applied the categorical approach, and found that attempted Hobbs Act robbery does not qualify under the clause.  See 142 S. Ct. at 2025-26; see also id. at 2020 (identifying the "relevant question" under the categorical approach as "whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force").  The Supreme Court found that attempt as matter of federal law required only a "'substantial step' toward" achieving the substantive crime, which is insufficient under the elements clause.  Taylor, 142 S. Ct. at 2020 (quoting United States v. Resendiz-Ponce, 549 U.S. 102, 107 (2007)).  The defendant's argument lacks merit.

### I.    Attempted Second-Degree Robbery Is Itself a Crime of Violence

Taylor does not change the sentencing analysis here.[2]  The Second Circuit applied the categorical approach in Dupree and Pereira-Gomez.  See Dupree, 767 F. App'x at 185;

---

[1]  The victim sustained four broken ribs, a punctured lung and head swelling.  (PSR ¶ 28.)

[2]  Neither does United States v. Chappelle, 41 F.4th 102 (2d Cir. 2022), which held that Hobbs Act robbery does not constitute a "crime of violence" under U.S.S.G. § 4B1.2, see id. at 109.  Hobbs Act robbery may arise from force against property, and U.S.S.G. § 4B1.2 requires force against another person.  See id.  But second-degree robbery under New York law requires the latter type of force.  See Dupree, 767 F. App'x at 185; United States v. Moore, 916 F.3d 231, 240-41 (2d Cir. 2019).

Pereira-Gomez, 903 F.3d at 164.  In Pereira-Gomez, the Second Circuit found that attempted second-degree robbery under New York law categorically constitutes a "crime of violence."  903 F.3d at 166.  Attempt under New York law requires not a mere substantive step (as in the case with the attempt statute in Taylor), but rather an "action . . . 'so near to its accomplishment that in all reasonable probability the crime itself would have been committed, but for timely interference.'"  Id. at 166 (quoting People v. Mahboubian, 543 N.E.2d 34, 46 (N.Y. 1989) (Titone, J., concurring in part and dissenting in part)).  Indeed, the Second Circuit expressly rejected the argument that attempted robbery "can be committed without the defendant using, attempting to use, or threatening to use physical force."  Id. (citation omitted).

"A decision of a panel of [the Second Circuit] is binding unless and until it is overruled by the Court en banc or by the Supreme Court."  Jones v. Coughlin, 45 F.3d 677, 679 (2d Cir. 1995) (per curiam); see also Monsanto v. United States, 348 F.3d 345, 351 (2d Cir. 2003).  This Court may not disregard Dupree or Pereira-Gomez, which have not been "explicitly overruled" nor are "completely untenable" after Taylor.  Vega v. Walsh, No. 06-CV-6492 (ARR), 2010 WL 2265043, at *4 (E.D.N.Y. May 28, 2010).

Accordingly, the Honorable Carol Bagley Amon, United States District Judge, recently rejected a similar legal challenge to the application of U.S.S.G. § 4B1.2 to attempted third-degree robbery under New York law.  See United States v. Maldonado, No. 22-CR-28 (CBA) (E.D.N.Y.) (sentencing transcript attached as Exhibit A).  As Judge Amon explained, "the text of 4B1.2(a) . . . plainly contemplat[es] the crime of attempt," and attempted robbery under New York law "necessarily has an element the attempted use or threatened use of physical force."  Maldonado Tr. 11:16-25.  Moreover, "the Second Circuit in Pereira-Gomez reached it conclusion that attempted robbery is a crime of violence by relying exclusively on the language that mirrors the main text of 4B1.2 without citing to any additional clauses similar to application note one," and "application note one may be unnecessary to its analysis and subsequent cases."  Id. at 12:14-23.  Furthermore, two New York state cases cited by defense counsel (again cited before this Court)—People v. Lamont, 33 N.E.3d 1275 (N.Y. 2015), and People v. Placido, 51 N.Y.S.3d 226 (3d Dep't 2017)—did not make the defendant's argument "that persuasive" and in fact supported Judge Amon's conclusion that attempted robbers "deploy[] a form of attempted or threatened use of force."  Id. at 10:9-25.  The perpetrators in Lamont brandished "what appeared to be handguns" at restaurant employees; in Placido, the defendant carried a handgun to the victim's apartment while his co-conspirator waited outside with a shotgun, "a fact pattern which the New York court found constituted threatening behavior in furtherance of robbery."  Id.  Therefore, the defendant's attempted second-degree robbery conviction in this case is a "crime of violence" under the elements clause in U.S.S.G. § 4B1.2.

**II.   Attempted Second-Degree Robbery Is an Attempt to Commit a Crime of Violence, Which Makes It a Crime of Violence Under the Commentary to the Guidelines**

Application Note 1 of Section 4B1.2 further clarifies that attempted second-degree robbery is a crime of violence.  The Note clearly states that attempt crimes are crimes of violence if the substantive crimes do.  See U.S.S.G. § 4B1.2 cmt. n.1.  By design, clarifying definitions often are placed in the Guidelines commentary.  See United States v. Martinez, 602 F.3d 1166, 1174 (10th Cir. 2010) (noting the Sentencing Commission's decision not to

3

"clutter[]" the provisions). "Commentary which functions to 'interpret [a] guideline or explain how it is to be applied' controls," and the failure to follow that commentary "constitute[s] an incorrect application of the sentencing guidelines." United States v. Stinson, 508 U.S. 36, 42-43 (1993) (quoting U.S.S.G. § 1B1.7). Indeed, the Stinson Court held that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Id. at 38. Application Note 1 of U.S.S.G. § 4B1.2 is not a plainly erroneous reading of the elements clause.³ This Court at least should abide by the commentary because it is a "persuasive" interpretation set forth by an expert agency. United States v. Jenkins, 50 F.4th 1185, 1197 (D.C. Cir. 2022) (applying Skidmore deference to Guidelines provision).

Even if attempted second-degree robbery did not qualify under the elements clause, and even if this Court gives no deference to the interpretation set forth in Application Note 1 of U.S.S.G. § 4B1.2 because of the text of the elements clause, this Court should nonetheless apply the base offense level in U.S.S.G. § 2K2.1(a)(4)(A). The latter provision has its own Application Note 1, which simultaneously incorporates the definition in § 4B1.2 and in its Application Note 1. There is no clear textual definition for the phrase. The plain text of U.S.S.G. § 2K2.1 does not explicitly cross-reference to U.S.S.G. § 4B1.2, and vice versa. And a legal term of art need not have the same meaning in every Guidelines provision. See, e.g., U.S.S.G. § 2A4.1 cmt. n.1 ("serious bodily injury"). The phrase "crime of violence" simpliciter is ambiguous as to whether a court should apply the categorical approach or "look[] at [the defendant]'s underlying conduct as a whole." Chappelle, 41 F.4th at 112. In the face of genuine ambiguity, Application Note 1 of U.S.S.G. § 2K2.1 provides the necessary interpretive guidance, defining "crime of violence" as both "the meaning given that term in § 4B1.2(a)" and "Application Note 1 of the Commentary to § 4B1.2." The definition set forth in Application Note 1 of U.S.S.G. § 4B1.2 would be a reasonable interpretation, which deserves Stinson and Kisor deference. Thus, this Court should calculate the defendant's base offense level to be 20 under U.S.S.G. § 2K2.1(a)(4)(A).

---

³ Kisor v. Wilkie, 139 S. Ct. 2400 (2019)—a case about Auer deference and a different administrative agency—is not to the contrary. Kisor held that federal courts may defer to agencies' "reasonable readings" of "genuinely ambiguous" regulations. Id. at 2408. But the Second Circuit already has rejected a Kisor challenge to Application Note 1, albeit in the narcotics context. See United States v. Richardson, 958 F.3d 151, 154 (2d Cir. 2020); United States v. Tabb, 949 F.3d 81, 88 (2d Cir. 2020); United States v. Wynn, 845 F. App'x 63, 66 (2d Cir. 2021) (clarifying that Tabb rejected the same Kisor argument that defendant seeks to make here and that both Richardson and Tabb reaffirmed the validity of Application Note 1 after Kisor), cert. denied, 142 S. Ct. 865 (2022).

4

        For the foregoing reasons, and for the reasons stated in its initial sentencing letter, the government respectfully recommends a sentence within the Guidelines range of 46 to 57 months' imprisonment.

                                        Respectfully submitted,

                                        BREON PEACE
                                        United States Attorney

                       By:     /s/ Victor Zapana
                                        Victor Zapana
                                        Assistant U.S. Attorney
                                        (718) 254-7180

cc:    Clerk of the Court (ERK) (by ECF)
        Defense counsel (by ECF)